O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# AMENDED – CIVIL MINUTES - GENERAL

| Case No. | CV 07-7040 AHM (FFMx) | Date | September 25, 2008 |
|---|---|---|---|
| Title | HANS ROSENFELD, *et al.* v. TWENTIETH CENTURY FOX FILM, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)


## I.   INTRODUCTION

   This matter is before the Court on the motion of Twentieth Century Fox Film Corporation, Twentieth Century Fox Home Entertainment LLC, and Blue Sky Studios' ("Fox Defendants") for judgment on the Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(c).[1]

   Plaintiffs Hans Rosenfeld, TOOLS Theater Investment Co., and TOOLS Theater Investment Corporation (collectively, "Plaintiffs") allege that Fox Defendants appropriated ideas from their TOOLS Musical Fantasy and Adventure Show and used them in Fox Defendants' movie, *Robots*. Plaintiffs' poorly organized Complaint purports to assert federal claims for trademark infringement, false designation of origin, and false or misleading representations of fact, trademark dilution, and copyright infringement. Plaintiffs also allege Texas state law violations, including: misappropriation of confidential information, unfair competition, violation of the Texas Theft Liability Act, conversion, tortious interference with contracts and business relationships, fraud, civil conspiracy, violation of the Texas Deceptive Trade Practices Act, and common law trademark infringement. Plaintiffs seek a declaratory judgment that they own the trademarks and copyrights in TOOLS and that Defendants have no rights in that intellectual property and "cannot use their Robots variation." Compl. ¶ 60. Plaintiffs

---

   [1]Although represented by the same counsel as the other defendants, Defendant Soundelux Showorks, Inc. did not join in this motion.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# AMENDED – CIVIL MINUTES - GENERAL

| Case No. | CV 07-7040 AHM (FFMx) | Date | September 25, 2008 |
|---|---|---|---|
| Title | HANS ROSENFELD, *et al.* v. TWENTIETH CENTURY FOX FILM, *et al.* | | |

also seek injunctive relief, compensatory damages, an accounting of profits, statutory damages, punitive damages and attorneys' fees and costs. *Id.* ¶¶ 19-22.

Although Fox Defendants purport to seek a judgment on the pleadings as to each claim against them, their motion does not address Plaintiffs' claims of false designation of origin and false or misleading descriptions under the Lanham Act. In an extremely cursory opposition, Plaintiffs oppose this motion mainly on the ground that Fox Defendants' motion is a veiled Rule 12(b) or Rule 56 motion.

For the reasons stated below, the Court GRANTS Fox Defendants' motion.[2]

## II.  PROCEDURAL HISTORY

Plaintiffs filed this action on March 9, 2007 in the Eastern District of Texas. Fox Defendants filed an answer on July 2, 2007. On October 29, 2007, that court transferred the case to the Central District of California and it was assigned to Judge Percy Anderson. Prior to the transfer, Fox Defendants had filed a Motion to Dismiss and a Motion for More Definite Statement before the United States District Court for the Eastern District of Texas concurrently with their answer. On January 16, 2008, Judge Anderson denied those motions without prejudice because it was unclear whether those motions may be filed simultaneously with an answer under the Local Rules of the Central District. On January 28, 2008, Judge Anderson entered a scheduling order. On February 11, 2008, this action was transferred to this Court pursuant to General Order 07-02 due to its relation to another case dealing with the film *Robots*, *Midland Production Corp. v. Twentieth Century Fox Film Corp.* (CV 07-2832). This Court subsequently stayed discovery pending its ruling on the instant motion.

## III.  STANDARDS GOVERNING RULE 12(c) MOTIONS

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard applied on a Rule 12(c) motion is essentially similar to that applied on Rule 12(b)(6)

---

[2]Docket No. 42.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# AMENDED – CIVIL MINUTES - GENERAL

| Case No. | CV 07-7040 AHM (FFMx) | Date | September 25, 2008 |
|---|---|---|---|
| Title | HANS ROSENFELD, *et al.* v. TWENTIETH CENTURY FOX FILM, *et al.* | | |

motions; a judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law. *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005). When determining a motion for judgment on the pleadings, the Court should assume the allegations in the Complaint to be true and construe them in the light most favorable to the plaintiff, and the movant must clearly establish that no material issue of fact remains to be resolved. *McGlinchey v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). However, "conclusory allegations without more are insufficient to defeat a motion [for judgment on the pleadings]." *Id.*

Courts have discretion to grant a Rule 12(c) motion with leave to amend, and may dismiss causes of action rather than grant judgment. *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); WILLIAM W. SCHWARZER ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL ("RUTTER GUIDE") § 9:341 (2008).

As with Rule 12(b)(6) motions, "[g]enerally, a district court may not consider any material beyond the pleadings[.] . . . However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted); RUTTER GUIDE § 9:339.1. Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss[,]" or on a Rule 12(c) motion, without converting the motion into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (*citing Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n. 3 (1st Cir. 1991)). If the documents are not physically attached to the complaint, they may be considered if their "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies" on them. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1363 (3d ed. 2004).

However, "[a]s with Rule 12(b)(6) motions, if matters outside the pleading are presented to and not excluded by the court, [and it appears that the court *relies* on the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# AMENDED – CIVIL MINUTES - GENERAL

| Case No. | CV 07-7040 AHM (FFMx) | Date | September 25, 2008 |
|---|---|---|---|
| Title | HANS ROSENFELD, *et al.* v. TWENTIETH CENTURY FOX FILM, *et al.* | | |

extrinsic evidence] the motion for judgment on the pleadings is converted into a Rule 56 summary judgment motion." RUTTER GUIDE § 9:339 (citing Fed. R. Civ. P. 12(c); *Hal Roach Studios, Inc.*, 896 F.2d 1542; *Homart Develop. Co. v. Sigman,* 868 F2d 1556, 1561-62 (11th Cir. 1989)). Rule 12(c) provides that when a court converts a motion for judgment on the pleadings into one for summary judgment, it shall provide "all parties . . . reasonable opportunity to present all material made pertinent to such a motion." Fed. R. Civ. P. 12(c).

## III.  DISCUSSION

In their Complaint, Plaintiffs did not separately designate claims or counts through the use of headings and titles. To provide some minimal clarity, the Court will treat the claims as if they were organized as follows:

Claim 1: Lanham Act, 15 U.S.C. § 1125(a), corresponding to Complaint ¶¶ 47-53.
Claim 2: Lanham Act, 15 U.S.C. § 1125(c),[3] corresponding to Complaint ¶¶ 47-53.
Claim 3: Copyright Act, 17 U.S.C. § 101 *et seq.*, corresponding to Complaint ¶¶ 54-58.
Claim 4: Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, corresponding to Complaint ¶¶ 59-60.
Claim 5: Common law trademark infringement, corresponding to Complaint ¶¶ 61-65.
Claim 6: Misappropriation of trade secrets and confidential information, corresponding to Complaint ¶¶ 66-72.
Claim 7: Unfair competition, corresponding to Complaint ¶¶ 73-77.
Claim 8: Texas Theft Liability Act, Tex. Civ. Prac. & Rem. Code §§ 134.001-.005, corresponding to Complaint ¶¶ 78-79.
Claim 9: Conversion, corresponding to Complaint ¶¶ 80-81.
Claim 10: Tortious interference with contracts and business relationships, corresponding to Complaint ¶¶ 82-83.
Claim 11: Fraud, corresponding to Complaint ¶¶ 84-86.
Claim 12: Common law civil conspiracy, corresponding to Complaint ¶¶ 87-89.

### A.  Claim 1: Trademark infringement under Lanham Act § 43(a) (15 U.S.C.

---

[3]Although Plaintiffs did not list 15 U.S.C. § 1125(c) in their recitation of Lanham Act provisions, as Fox Defendants do recognize, they are asserting a dilution claim. *See* Compl. ¶ 48.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# AMENDED – CIVIL MINUTES - GENERAL

| Case No. | CV 07-7040 AHM (FFMx) | Date | September 25, 2008 |
|---|---|---|---|
| Title | HANS ROSENFELD, *et al.* v. TWENTIETH CENTURY FOX FILM, *et al.* | | |

**§ 1125(a)**)

Plaintiffs purport to allege three types of Lanham Act § 43(a) violations: trademark infringement, false designation of origin, and false or misleading descriptions and representations of fact. Compl. ¶ 48 (alleging "Defendants' wrongful appropriation and use of Plaintiffs' Trademarks.") Fox Defendants direct their challenge toward the trademark infringement claim only.

To state a claim for trademark infringement under Section 43(a) of the Lanham Act, Plaintiffs must allege that Fox Defendants are using a mark confusingly similar to Plaintiffs' valid and protectible mark. *Brookfield Communications, Inc. v. West Cost Ent. Corp., Inc.*, 174 F.3d 1036, 1046 (9th Cir. 1999). Fox Defendants contend that Plaintiffs' TOOLS mark is not at all similar to their *Robots* mark and therefore there could be no likelihood of confusion. The similarity between the marks is a fact issue that must be examined in the context of all the factors relevant to a likelihood of confusion analysis, which is not appropriate for this motion.

Plaintiffs adequately allege the "confusingly similar" (or "likelihood of confusion") element but fail to adequately allege ownership of a valid and protectible trademark. Plaintiffs have alleged three *Sleekcraft* factors: similarity of the marks, actual confusion, and similar marketing channels. *See* Compl. ¶¶ 30-31, 49, 63. Since the Court assume the allegations in the complaint to be true, these allegations are sufficient for the likelihood of confusion element. *See Carins v. Franklin Minto Co.*, 24 F. Supp. 2d 1013, 1030-31 (C.D. Cal. 1998) (finding that in light of the plaintiffs' allegations, the issue of likelihood of confusion cannot be resolved based on the pleadings).

However, Plaintiffs have not alleged that they owned a protectible mark, either a registered trademark or a mark that they own through common law priority of use. *See Brookfield*, 174 F.3d at 1047. Plaintiffs allege that from 1999 to 2003 Plaintiffs were promoting and marketing an idea for a "TOOLS Musical Fantasy and Adventure Show." Compl. ¶¶ 22, 22, 27. They allege that they attempted to find a venue to stage this show, built a portable theater structure in El Paso, Texas, and invested money and tried to raise funds for the project. *Id.* ¶¶ 26-27. Before they could do more to move the project forward, however, Twentieth Century Fox released the film, *Robots*, ruining their

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## AMENDED – CIVIL MINUTES - GENERAL

| Case No. | CV 07-7040 AHM (FFMx) | Date | September 25, 2008 |
|---|---|---|---|
| Title | HANS ROSENFELD, *et al.* v. TWENTIETH CENTURY FOX FILM, *et al.* | | |

fundraising efforts because investors believed the TOOLS concept belonged to the owners of *Robots*. *Id.* ¶ 28. Finally, Plaintiffs allege, "[i]n conjunction with the goods, services, and developments noted above, [they] have adopted and used. . .a stylized logo of the mark "TOOLS" that is the subject of a pending U.S. Copyright application. *Id.* ¶ 30.

Despite this allegation, Plaintiffs have not actually alleged that they offered any goods or services to the market in connection with TOOLS. Rather, Plaintiffs have only alleged that they had invested time and money in developing and promoting their idea. Nor have Plaintiffs alleged that they "won the race to the marketplace such that they own the exclusive right to use a particular mark." *Keane v. Fox Televisions Stations, Inc.*, 297 F. Supp. 921, 935-37 (S.D. Tex. 2004) ("[M]ere expectation or hope that a mark will be used, *i.e.*, attempts at promoting and marketing of an idea under a mark, is insufficient to establish exclusive rights in a mark."); *see also* 15 U.S.C. § 1127 (definition of "use in commerce"). Given that Plaintiffs' own account of their aborted development efforts contradicts their allegation that they "used" TOOLS in conjunction with goods and services, Plaintiffs have not satisfied the "use in commerce" requirement for common law trademark ownership. *See* 5C WRIGHT & MILLER, *supra,* § 1363 ("The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading").

The Court GRANTS the motion as to the trademark infringement claim and dismisses that claim with leave to amend.

### B. Claim 2: Trademark Dilution Under 15 U.S.C. § 1125(c)

To state a dilution claim under 15 U.S.C. § 1125(c), Plaintiffs must allege that (1) the mark is famous; (2) Defendant is making a commercial use of the mark; (3) Defendant's use began after the mark became famous; and (4) Defendant's use of the mark dilutes the quality of the mark by diminishing the capacity of the mark to identify and distinguish goods and services. *Films of Distinction v. Allegro Film Productions, Inc.*, 12 F. Supp. 2d 1068, 1078 (C.D. Cal. 1998) (citing *Panavision Int'l L.P. v. Toppen*, 141 F. 3d 1316, 1326 (9th Cir. 1998).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# AMENDED – CIVIL MINUTES - GENERAL

| Case No. | CV 07-7040 AHM (FFMx) | Date | September 25, 2008 |
|---|---|---|---|
| Title | HANS ROSENFELD, *et al.* v. TWENTIETH CENTURY FOX FILM, *et al.* | | |

Plaintiffs have not alleged any of the four elements of a federal dilution claim. Although Plaintiffs describe certain details of their TOOLS logo that suggest its inherent distinctiveness, Compl. ¶ 30, they have not alleged any of the other indicia of a famous mark that are listed in 15 U.S.C. § 1125. The Court GRANTS the motion as to the 15 U.S.C. § 1125(c) dilution claim and dismisses it with leave to amend.

### C.     Claim 3: Copyright Infringement Under 17 U.S.C. § 501(a) & (b)

Fox Defendants seek dismissal of Plaintiffs' copyright claims on two grounds: (1) Plaintiffs did not possess copyright registrations at the time they filed the Complaint and (2) there is no infringement because TOOLS and *Robots* are not substantially similar. The Court agrees that Plaintiffs' allegations as to copyright ownership are unclear. As to the second point, the Court will not and cannot resolve the issue of substantial similarity on this Rule 12(c) motion, due to pleading defects.

#### 1. Plaintiffs have not adequately alleged copyright ownership.

Copyright registration "constitutes *prima facie* evidence [of copyright ownership] in favor of the plaintiff." 4-13 NIMMER ON COPYRIGHT § 13.01(A). Registration of a work is seen as a prerequisite to a suit for copyright infringement. *Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1349 (8th Cir. 1994); *Identity Arts v. Best Buy Enterprise Services Inc.*, 2007 WL 1149155 at * 6 (N.D. Cal. 2007). *See also* 4-13 NIMMER ON COPYRIGHT § 13.01(A). There is a split in authority on whether courts have subject matter jurisdiction over claims of infringement of pending copyrights, as noted in *Loree Rodkin Management Corp. v. Ross-Simons*, Inc., 315 F.Supp.2d 1053, 1054 (C.D. Cal. 2004).

Plaintiffs have not alleged that they possess *completed* copyright registrations in their Complaint. Plaintiffs only allege that Plaintiff Hans Rosenfeld had filed an application to register the TOOLS Infomercial with the U.S. Copyright Office and that such applications remain *pending*. Compl. ¶ 20. Plaintiffs also allege that there are sixteen different *pending* U.S. Copyright applications for "TOOLS work" or "TOOLS Original Works." *Id*. Plaintiffs never amended their complaint to allege ownership of registered copyrights, although it appears that they obtained copyright registrations after

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## AMENDED – CIVIL MINUTES - GENERAL

| Case No. | CV 07-7040 AHM (FFMx) | Date | September 25, 2008 |
|---|---|---|---|
| Title | HANS ROSENFELD, *et al.* v. TWENTIETH CENTURY FOX FILM, *et al.* | | |

filing their original complaint. *See* Def'ts' Exs. B-1 through B-15.[4]

Because it is apparent from Defendants' exhibits that Plaintiffs do have completed registrations, the Court does have jurisdiction over the copyright claim. However, in any amended complaint Plaintiffs shall specify the registered copyrights on which they based their claim.

### 2. Plaintiffs' vague allegations of copyright infringement fail to state a claim.

If there is no evidence of direct copying, as in this case, "proof of infringement involves fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'" *Funky Films, Inc. v. Time Warner Entertainment Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (citing *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). "The substantial similarity test contains an extrinsic and intrinsic component… [T]he intrinsic test, which examines an ordinary person's subjective impressions of the similarities between two works, is exclusively the province of the jury." *Funky Films, Inc.*, 462 F.3d at 1077. The extrinsic test is an objective test which the Court can conduct. *See Id*. It is focused on "articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events" between the two works. *Kouf*, 16 F.3d at 1045 (citing *Berkic v. Crichton*, 761 F.2d 1289, 1292 (9th Cir. 1985)).

Plaintiffs allege that "there are too many substantial similarities between the TOOLS work and Robots movies to be left to chance – from the logo to the setting, plot line, and down to the very characters used, there are substantial similarities that there are no coincidental similarities [sic]." Compl. ¶ 36. Fox Defendants seek a resolution of the merits of this allegation.

---

[4]Fox Defendants attempted to obtain copies of all registrations the Plaintiffs owned, and they initially found 13 of the 16 copyrights under the Plaintiff's name "Hans Rosenfeld." Laura Lee Prather Declaration ¶ 3. Later, Fox Defendants discovered two additional registrations for TOOLS work catalogued under the name "Rosenfield." *Id*. ¶ 4. However, Fox Defendants have the form that Plaintiffs submitted to the Copyright Office for the "music scratch track" referenced in Complaint ¶ 18 but were unable to locate a copyright registration for it. *Id*. ¶ 7.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

# AMENDED – CIVIL MINUTES - GENERAL

| Case No. | CV 07-7040 AHM (FFMx) | Date | September 25, 2008 |
|---|---|---|---|
| Title | HANS ROSENFELD, *et al.* v. TWENTIETH CENTURY FOX FILM, *et al.* | | |

     A court may rule on "substantial similarity" on a motion to dismiss or a motion for judgment on the pleadings "when the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison." *Christianson v. West Pub. Co.*, 149 F.2d 202, 203 (9th Cir. 1945) (citations omitted); *Cory Van Rijn, Inc. v. Cal. Raisin Advisory Bd.*, 697 F. Supp. 1136, 1145 (E. D. Cal.1987) (granting motion to dismiss based on lack of substantial similarity); *Identity Arts v. Best Buy Enterprise Services Inc.*, 2007 WL 1149155 at *5-6 (N.D. Cal. 2007) (addressing merits of substantial similarity on motion for judgment on the pleadings). Thus, ruling on the merits of substantial similarity is generally advisable only if the parties agree that the relevant factual record is complete.

     In this case, not only is the factual record one-sided (only Fox Defendants have submitted evidence), the pleadings themselves are in disarray. As a result of Plaintiffs' defective pleading, "the copyrighted work and the alleged infringement" are *not* both before the court, "capable of examination and comparison." *Christianson*, 149 F.2d at 203. The Complaint makes clear that the alleged infringement is the released *Robots* movie, *i.e.*, the DVD attached as Defendants' Exhibit A. *See* Compl. ¶¶ 33-38. But the Complaint does not specify the work that comprises the "TOOLS work." Plaintiffs reference pending copyright applications for "El Paso local artwork," "the ANIMAX work," "SOUNDELUX marketing package," "SOUNDELUX scratchtrack," and "the TOOLS Informercial [also considered part of the ANIMAX work]." Compl. ¶¶ 15-18, 20. They then mentioned "sixteen pending copyright applications" for all the TOOLS "artwork and other works referred to herein." Compl. ¶ 20.

     The defendants had sought a more definite statement and a Rule 12(b)(6) dismissal. Neither of those motions resulted in a ruling on the merits of the motions, partly as a result of the transfer of this action to this District. Meanwhile, Fox Defendants conducted their own investigations into Plaintiffs' copyrights and discovered fifteen copyrights registered to Hans Rosenfeld. Declaration of Laura Lee Prather ("Prather Decl.") ¶¶ 4-6. Fox Defendants surmise that the plot, story line, and vision for the TOOLS production are contained primarily in the Soundelux marketing package referenced in paragraph 18 of the Complaint and an infomercial referenced in paragraph 20. Mot. at 10 n. 15; Prather Decl. ¶ 6. The "presentation" and "infomercial" appear to correspond to two of the registered copyrights that Fox Defendants located (see Defendants' Exhibits B-2 and B-13).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# AMENDED – CIVIL MINUTES - GENERAL

| Case No. | CV 07-7040 AHM (FFMx) | | Date | September 25, 2008 |
|---|---|---|---|---|
| Title | HANS ROSENFELD, *et al.*  v. TWENTIETH CENTURY FOX FILM, *et al.* | | | |

Although Fox Defendants ask the Court to consider all of the registered copyrights that they attached to their motion, they have only established that Exhibits B-2 and B-13 are referenced in the complaint and therefore may be properly considered on a Rule 12(c) motion. It is not apparent which, if any, of the remaining thirteen copyrighted works correspond to the TOOLS works referenced in paragraphs 15-18 and 20 of the Complaint. Hence, it cannot be discerned from the current record which of Plaintiffs' copyrighted works is at issue.

Fox Defendants are not entitled to judgment on the pleadings based on lack of substantial similarity between TOOLS and *Robots*, and the reason may be traced to Plaintiffs' failure to provide sufficient notice of the physical works comprising the "TOOLS work" in their original Complaint. According to defense counsel, Defendants even invited Plaintiffs to specify the copyrighted works at issue in an amended complaint, but Plaintiffs refused. *See* Prather Decl. ¶ 3. The vagueness of Plaintiffs' claim precludes the Court from determining whether their pleading allegations are contradicted by judicially noticeable copyrighted works.

Because Plaintiffs' allegations do not provide sufficient notice of the basis for their copyright infringement claim, the Court GRANTS the motion as to the copyright claim and dismisses that claim with leave to amend. The Court ORDERS Plaintiffs, if they file an amended complaint containing a copyright claim, to attach to the amended complaint those copyrighted works that form the factual basis for their allegation (Compl. ¶ 36) that the TOOLS work and *Robots* movie are substantial similar. If Plaintiffs fail to attach any exhibits, or if they attach the same exhibits as the copyrights that Fox Defendants attached to this motion, the Court will permit Fox Defendants to renew their motion for judgment on the pleadings without re-filing the voluminous papers they have already filed.

### D. Claim 4: Declaratory Judgment Act

Because the Court is dismissing the intellectual property claims on which Plaintiffs' claim for declaratory relief is based, the Court dismisses their declaratory relief claim as well, without prejudice.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# AMENDED – CIVIL MINUTES - GENERAL

| Case No. | CV 07-7040 AHM (FFMx) | Date | September 25, 2008 |
|---|---|---|---|
| Title | HANS ROSENFELD, *et al.* v. TWENTIETH CENTURY FOX FILM, *et al.* | | |

### E. Claims 5 Through 12: Texas State Law Violations

The Court declines to rule on Fox Defendants' challenges to what the Court has classified as claims 5 through 12. All those claims purport to arise under Texas state law. If the federal claims Plaintiffs assert in the amended complaint do not survive a motion to dismiss, this Court will exercise its discretion under 28 U.S.C. § 1367 and dismiss all Texas law claims without prejudice. However, if Plaintiffs really desire to pursue such claims, they should pay careful attention to Defendants' arguments about the supposed deficiencies of their pleadings under Texas law and cure those which are curable.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Fox Defendants' motion and dismisses the following claims, with leave to amend: trademark infringement under 15 U.S.C. § 1125(a), trademark dilution under 15 U.S.C. § 1125(c), copyright infringement under 17 U.S.C. § 101 *et seq.*, the Declaratory Judgment Act claim, and all Texas law claims.

Although Fox Defendants did not challenge Plaintiffs' claims of false designation of origin and false or misleading representation under the Lanham Act, the Court advises Plaintiffs to clarify the legal and factual basis for those claims as well as for their other claims. If the amended complaint continues to exhibit the same deficiencies as the original complaint, *i.e.*, if it is subjected to a successful motion to dismiss, the subsequent dismissals will likely be with prejudice.

///


///

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# AMENDED – CIVIL MINUTES - GENERAL

| Case No. | CV 07-7040 AHM (FFMx) | Date | September 25, 2008 |
|---|---|---|---|
| Title | HANS ROSENFELD, *et al.*  v. TWENTIETH CENTURY FOX FILM, *et al.* | | |

    Any amended complaint must be filed within 21 days of the issuance of this order. It must conform to this Court's local rules governing pleadings.  If Defendants seek to challenge the sufficiency of amended pleadings, they must do so through a Rule 12(b)(6) motion prior to filing their answer.  Furthermore, they must file such a motion on behalf of all defendants, or explain why any defendant is not joining in.

    No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

    THIS ORDER IS NOT INTENDED FOR PUBLICATION.

                                                                                                                          :

Initials of Preparer            SMO