JS-6         O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7040 AHM (FFMx) | Date | January 28, 2009 |
|---|---|---|---|
| Title | HANS ROSENFELD, *et al.* v. TWENTIETH CENTURY FOX FILM, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| S. Eagle | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

　　　This matter is before the Court on the motion of Twentieth Century Fox Film Corporation, Twentieth Century Fox Home Entertainment LLC, and Blue Sky Studios' ("Fox Defendants") to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court GRANTS Fox Defendants' motion.[1] As to Fox Defendants, the Court DISMISSES the federal trademark and copyright claims, as well as the Declaratory Judgment Act claim, with prejudice and DISMISSES the state law claims without prejudice pursuant to 28 U.S.C. § 1367(c).

　　　Defendant Soundelux Showorks, Inc. has not appeared in this action and Plaintiffs never filed a proof of service of the summons and complaint for Soundelux. The Court thus DISMISSES all claims against Soundelux without prejudice for failure to serve, pursuant to Federal Rule of Civil Procedure 4(m). Because no claims or defendants remain, this action will be closed.

## I.     TRADEMARK CLAIMS

　　　The Court dismisses Plaintiffs' claims under the Lanham Act, 15 U.S.C. §§ 1125(a) and 1125(c) without leave to amend, because Plaintiffs have not sufficiently alleged that they have used their mark in interstate commerce. The original complaint suffered from the same defect, as noted in the Court's September 25, 2008 Order. As with the original complaint, in the First Amended Complaint Plaintiffs rely on common

---

[1] Docket No. 76.

JS-6       O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7040 AHM (FFMx) | Date | January 28, 2009 |
|---|---|---|---|
| Title | HANS ROSENFELD, *et al.* v. TWENTIETH CENTURY FOX FILM, *et al.* | | |

law priority of use to establish a protectible mark, but their factual allegations at most describe use of their mark in connection with Plaintiffs' ultimately unsuccessful efforts to promote and market the concept of the TOOLS live action show. *See* FAC ¶ 30. These allegations, if true, are not sufficient to establish a protectible mark, for the reasons stated in the Court's September 25, 2008 Order (pages 5-6) and in Fox Defendants' current motion (pages 7-9).

## II.    COPYRIGHT CLAIM

Previously, the Court dismissed Plaintiffs' copyright infringement claim for failure to allege copyright ownership and due to the vagueness of the allegations concerning the copyrighted works. In their First Amended Complaint Plaintiffs have attempted to address these defects by attaching the same copyright registrations that Fox Defendants had provided on the previous motion and by citing to specific copyright registrations in their pleadings.

Fox Defendants now seek dismissal of the copyright claim with prejudice on two grounds: (1) Plaintiffs did not sufficiently allege that Defendants had access to the TOOLS works, and (2) the two sides' respective works are not substantially similar. *See Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1044 n. 2 (9th Cir. 1994) (noting that to prove that Disney copied protected elements of screenplay, plaintiff had to show that Disney had access to the screenplay and that parts of Disney's film are substantially similar to the protected elements). The Court finds that Plaintiffs have sufficiently alleged access. *See* FAC ¶ 36. However, for the reasons stated below, the Court dismisses the copyright claim based on the substantial similarity test.

As the Court noted in the September 25, 2008 Order, it may properly rule on "substantial similarity" on a motion to dismiss or a motion for judgment on the pleadings when the copyrighted work(s) and the alleged infringement "are both before the court, capable of examination and comparison." *Christianson v. West Pub. Co.*, 149 F.2d 202, 203 (9th Cir. 1945) (citations omitted). Both parties have submitted the works at issue as evidence, and there is no apparent dispute as to their authenticity.[2] *See* FAC, Exs. B-1

---

[2]In the previous proceedings on Fox Defendants' motion for judgment on the pleadings, Defendants submitted a copy of the "Robots" motion picture and attached copies of the copyright

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7040 AHM (FFMx) | Date | January 28, 2009 |
|---|---|---|---|
| Title | HANS ROSENFELD, *et al.* v. TWENTIETH CENTURY FOX FILM, *et al.* | | |

through B-14; Def'ts' Notice of Manual Filing of Ex. A to Def'ts' Rule 12(c) Motion. Plaintiffs have had opportunities during the briefing on this motion and on the previous motion to argue that the works are substantially similar or to point to gaps in the factual record that require discovery, but have failed to do so. Thus, the Court deems the relevant factual record for purposes of the substantial similarity analysis to be complete. The Court will consider the exhibits submitted by the parties and convert the Motion to Dismiss into a Motion for Summary Judgment for the purpose of determining whether Plaintiffs could possibly meet their burden of showing substantial similarity.

Applying the standards in *Kouf*, the Court finds "that no reasonable jury could find the works are substantially similar using the objective criteria of the extrinsic test" and therefore Defendants are entitled to summary judgment. *Kouf*, 16 F.3d at 1045 (noting that a plaintiff who cannot satisfy the extrinsic test necessarily loses on summary judgment).

"The extrinsic test is an objective test based on specific expressive elements: the test focuses on 'articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events' in two works." *Id.* (quoting *Berkic v. Crichton*, 761 F.2d 1289, 1292 (9th Cir.), *cert. denied*, 474 U.S. 826 (1985) (citation omitted)). Just like the Disney film and the copyrighted screenplay in *Kouf*, Plaintiffs' "TOOLS" live action show and Fox Defendants' ROBOTS movie have "substantially different plots, themes, and sequences of events." *Id.* In the TOOLS story, human factory workers are threatened with replacement by robots called Mandroids, per the evil plot of the factory boss, BoRing. Led by a worker named JoEl, the humans fight back and destroy the Mandroids, saving mankind. *See* FAC, Ex. B-2. As the creator, Plaintiff Hans Rosenfeld, described it, TOOLS's "main theme is the relationship between man and robot in modern times." FAC, Ex. B-14.

ROBOTS, by contrast, has no human characters at all. The world depicted by ROBOTS is inhabited only by robots, each with individualized physical and personality traits. The story begins as a young, idealistic robot, Rodney Copperbottom, moves to a big city to fulfill his dream of becoming an inventor, just like a master inventor he

---

registrations that it believed belonged to Plaintiffs. Now, Plaintiffs have attached those same copyright registrations to the FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7040 AHM (FFMx) | Date | January 28, 2009 |
|---|---|---|---|
| Title | HANS ROSENFELD, *et al.* v. TWENTIETH CENTURY FOX FILM, *et al.* | | |

idolized, a kindly robot called Big Weld. When he arrives, he discovers that Big Weld's company has been taken over by a profit-hungry robot called Ratchet, who with his evil mother is carrying out a plan to get rid of all the old, rickety, and poor robots who cannot afford to purchase "upgrades" for themselves. Having come from a working class background himself, Rodney finds this outrageous and leads a revolt, eventually restoring Big Weld to the head of the company and saving all the humble "bots" from the rapacious Ratchet. Big Weld's motto, and the central theme of the film, is "You can shine no matter what you're made of."

      Plaintiffs claim that both TOOLS and ROBOTS deal with good versus evil and feature protagonists who exemplify the importance of believing in oneself and following one's dreams and who overcome the "Holocaustic efforts" of "evil leaders" threatening to replace humans with robots. FAC ¶ 58(B). Even so -- the latter reference to efforts to replace humans does not even describe ROBOTS- -, such plot themes and morals are general ideas, which are unprotectable, rather than *specific expressions* of ideas. *See Kouf*, 16 F.3d at 1045 ("We attach no significance to the fact that both works involve a life struggle of kids fighting insurmountable dangers, because '[g]eneral plot ideas are not protected by copyright law....'") (quoting *Berkic*, 761 F.2d at 1293).

      The Court finds similarly unconvincing the other random similarities that Plaintiffs point to, such as the fact that the heroes are young males with blonde girlfriends,[3] or the fact that the primary villains have diabolical laughs and entourages of "yes men." FAC ¶¶ 56(D), (E). Although both stories feature robots, the robots in TOOLS do not speak: they are simply factory drones that only work and fight. None of the characters in Plaintiffs' works -- as described in the prose pieces and depicted in sketches -- is similar to the characters in ROBOTS in his specific behavior or looks. Nor are the settings in the stories similar simply because they both include industrial factories, ultra modern offices, prominent clock towers, monorails, and other architectural features commonly seen in various genres, including futuristic and fantasy genres. FAC ¶ 56(A). As Fox Defendants point out, such settings are *scenes a faire* naturally associated with a modern, industrial, urban environment. *See* NIMMER ON COPYRIGHT § 13.03[B][4] (2008) (noting

---

      [3]This isn't even true. In ROBOTS, there is a female robot who could be described as "blonde" (Piper Pinwheeler, who is made of yellow metal), and she has a crush on Robby, the hero. But she is not Robby's girlfriend or sidekick. Robby's female ally and companion is Cappy, who has near-black hair.

JS-6           O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7040 AHM (FFMx) | Date | January 28, 2009 |
|---|---|---|---|
| Title | HANS ROSENFELD, *et al.* v. TWENTIETH CENTURY FOX FILM, *et al.* | | |

that the well-established *scenes a faire* doctrine treats as unprotectable "incidents, characters or settings which are as a practical matter indispensable, or at least standard, in the treatment of a given topic.")

Finally, TOOLS is designed to be an interactive live action show, while ROBOTS is an animated movie. Hence, the pace, mood, and production values of the two works are substantially different. The darker, more dramatic production envisioned by Plaintiffs, who describe it as a cross between a Broadway play and a theme park attraction, is nothing like Fox Defendants' lighthearted and funny animated movie, other than that they both involve robots, villains who try to take over the world, heroes who emerge from obscurity, and inspiring but conventional and unoriginal themes.

With respect to the various expressive elements that are subject to the extrinsic test, TOOLS and ROBOTS are even more different than other works that courts have found to lack substantial similarity. *See, e.g.*, *Funky Films, Inc. v. Time Warner Entertainment Co.*, L.P., 462 F.3d 1072, 1077-81 (9th Cir. 2006) (no substantial similarity between two works about small funeral home and the intimate lives of family members who operated it); *Kouf*, 16 F.3d at 1045-46 (no substantial similarity between two family comedy/adventure films about people who are accidentally shrunk); *Berkic*, 761 F.2d at 1293 (no substantial similarity between two works about exposing a criminal organization that murders healthy people and sells the organs for transplants). No reasonable jury could find that the TOOLS works and the ROBOTS film are sufficiently similar from an objective standpoint to support the conclusion that the makers of the film copied Plaintiffs' works.

******

Because the federal trademark and copyright claims fail, Plaintiffs' Declaratory Judgment Act claim is also dismissed with prejudice.

## III.   CLAIMS UNDER TEXAS LAW

The Court indicated in its prior ruling that if Plaintiffs' federal claims in the FAC are dismissed it would decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c). Accordingly, the Court DISMISSES the state law claims without prejudice.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

JS-6       O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7040 AHM (FFMx) | Date | January 28, 2009 |
|---|---|---|---|
| Title | HANS ROSENFELD, *et al.* v. TWENTIETH CENTURY FOX FILM, *et al.* | | |

THIS ORDER IS NOT INTENDED FOR PUBLICATION.

                                                 :

Initials of Preparer    se